# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 29, 2011

## ROBERT B. LEDFORD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
No. 276337     Don W. Poole, Judge

---

### No. E2010-01773-CCA-R3-PC - Filed May 4, 2011

---

The pro se petitioner, Robert B. Ledford, appeals the Hamilton County Criminal Court's summary denial of his petition for writ of error coram nobis attacking his convictions of second degree murder, kidnapping, aggravated robbery, and theft. Because we conclude that coram nobis relief is not available to provide relief from a guilty-pleaded conviction, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

Robert B. Ledford, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

A Hamilton County grand jury charged the petitioner with three counts of felony murder, one count of premeditated murder, one count of aggravated robbery, one count of theft, and one count of especially aggravated kidnapping for his involvement in the January 2001 offenses culminating in the death of the seventy-four-year-old victim, Dorothy Lowery. Consequently, the petitioner could have faced sentences of death or life without the possibility of parole, although the record is unclear whether the State actually filed a notice to seek enhanced punishment in this case. On September 12, 2002, the petitioner entered best interest guilty pleas to one count of second degree murder, aggravated robbery, especially aggravated kidnapping, and theft. *See generally Alford v. North Carolina*, 400 U.S. 25 (1980). Pursuant to the plea agreement, the trial court ordered the petitioner to serve

an effective sentence of forty years' incarceration.

The petitioner filed a timely petition for post-conviction relief alleging that the ineffective assistance of counsel rendered his pleas unknowing and involuntary. The petitioner specifically claimed that trial counsel failed to request a mental evaluation of the petitioner, failed to adequately investigate the case, and failed to communicate with and advise the petitioner concerning the pleas. Following an evidentiary hearing, the post-conviction court denied relief. Upon review, this court affirmed the post-conviction court's action. *Robert Ledford v. State*, No. E2004-01744-CCA-R3-PC (Tenn. Crim. App., Knoxville, Mar. 24, 2005), *perm. app. denied* (Tenn. Aug. 22, 2005).

As summarized in this court's opinion, the facts stipulated at the plea submission hearing revealed that the victim

> was robbed, kidnap[p]ed from her residence in Ooltewah, and murdered. An investigation established that the petitioner, who was married to a relative of the victim, and Dennis Raby entered the victim's residence, bound her with duct tape, and ransacked the interior of her house. Afterward, the victim was placed in the trunk of her 1996 Chevrolet Impala and driven to another residence where Raby was seen in possession of her jewelry. A few days later, the body of the victim was discovered in a wooded area in Meigs County. The petitioner's fingerprints were found on a roll of duct tape used to bind the victim and on a Styrofoam cup located inside her residence. The cup also contained saliva identified as that of the petitioner. An autopsy revealed that the victim died as a result of blunt force trauma to the head and the body. Raby committed suicide as police attempted to make his arrest.

*Robert Ledford*, slip op. at 1.

On May 28, 2010, the petitioner filed a pro se petition for writ of error coram nobis asserting that he had obtained new evidence, exculpatory in nature, pursuant to a May 22, 2009 information request directed to the Hamilton County District Attorney's Office concerning investigative files in that office's possession. The petitioner claimed that this newly discovered evidence revealed that the State had investigated up to 14 other individuals as possible suspects, that witnesses tampered with the crime scene by entering the victim's home prior to and after the authorities' arrival, that the autopsy report listed the victim's time of death as occurring after the defendant had already been apprehended and placed in the

Hamilton County Jail, that the State withheld psychiatric records concerning the petitioner's "need of commitment into a psychiatric facility,"and that the State destroyed evidence, specifically the clothing of Dennis Raby, which would have confirmed that Raby, not the petitioner, had committed the crimes.

Additionally, the petitioner alleged that he was prosecuted pursuant to a void grand jury presentment because the autopsy report listed the victim's time of death as occurring after the petitioner's apprehension by authorities and also listed the place of death as Meigs County, rather than Hamilton County where the crimes were prosecuted. In summary, the petitioner alleged that the "newly discovered evidence suggest[ed] a major cover-up in this case by the State" and requested "that this case be referred to the FBI and TBI, for a complete investigation, and during which the Petitioner will disclose pertinent other facts . . . involving the criminal activity in which the victim was engaged." The petitioner argued that the State withheld this evidence from him and that he would not have pleaded guilty had he known of it at the time of his pleas. Thus, he claimed the newly discovered evidence rendered his pleas unknowing and involuntary.

The coram nobis court found that the petitioner's allegations concerned neither new nor material evidence. It also ruled that the allegations had been waived by the pleas and the petitioner's subsequent failure to raise the allegations in the post-conviction proceeding. Accordingly, the coram nobis court summarily denied the petition.

On appeal, the petitioner contends that the coram nobis court erred by denying his petition without a hearing. He also contends that his pleas were involuntary in light of the newly discovered evidence "which was deliberately withheld by the State." The State responds that the coram nobis court properly denied the petition because the petition was untimely and because the petitioner failed to allege any grounds for coram nobis relief.[1]

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999).

> Upon a showing by the defendant that the defendant was
> without fault in failing to present certain evidence at the proper
> time, a writ of error coram nobis will lie for subsequently or

---

[1] Although not of consequence to our disposition of this appeal, we note that the State did not affirmatively assert a statute of limitations bar in the coram nobis court. Consequently, the State is precluded from asserting the defense for the first time on appeal. *Calvin O. Tankesly v. State*, No. M2004-01440-CCA-R3-CO, slip op. at 7 (Tenn. Crim. App., Nashville, Aug. 19, 2005), *perm. app. denied* (Tenn. Feb. 6, 2006).

newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b); *see State v. Vasques*, 221 S.W.3d 514, 525 (Tenn. 2007). Our supreme court has established the procedure for considering a coram nobis claim:

[I]n a coram nobis proceeding, the trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result. [The court then determines] "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different."

*Vasques,* 221 S.W.3d at 527. To be successful on a petition for writ of error coram nobis, "the standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome." *Id*. at 526. The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. T.C.A. § 40-26-105; *State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

Although both parties contend that coram nobis relief may provide relief from a guilty-pleaded conviction where the petition alleges that "'newly discovered evidence' [a]ffect[s] the voluntariness of a guilty plea," *see Newsome v. State*, 995 S.W.2d 129, 134 n. 6 (Tenn. Crim. App. 1998), this court has previously noted that "the plain language of the coram nobis statute and its historical use belie its application to a guilty-pleaded conviction." *Arthur W. Stamey, III, v. State*, No. E2009-00996-CCA-R3-CD, slip op. at 8 (Tenn. Crim. App., Knoxville, Feb. 11, 2010). We explained:

The statute's repeated reference to matters litigated "at the trial" and its reference to "evidence" appear to limit its application to those cases that actually proceeded to trial. This conclusion is bolstered by our supreme court's command to test any "newly discovered evidence" proffered by the coram nobis petitioner "in the context of the trial, to assess its veracity and its impact

upon the testimony of the other witnesses, and to determine the potential effect, if any, on the outcome." When there has been a guilty plea, there exists no evidence against which the petitioner's proffered evidence may be considered. The petitioner, by virtue of his guilty plea, has admitted both his guilt and the version of the facts as tendered by the State.

*Id.* (citations omitted). In *Arthur W. Stamey, III*, however, this court avoided resolution of the issue of whether a guilty-pleaded conviction could be challenged via a petition for writ of error coram nobis because we concluded that the record supported the coram nobis court's ruling that the alleged evidence did not qualify, in any event, as newly discovered evidence to afford coram nobis relief. *Id.*; *see also James Ivy v. State*, No. W2010-00152-CCA-R3-PC (Tenn. Crim. App., Jackson, Oct. 15, 2010) (stating coram nobis relief not available to attack guilty-pleaded convictions but affirming denial of relief on other grounds). The present case, however, necessitates the resolution of the issue of the application of the writ of error coram nobis to guilty-pleaded convictions.

Initially, it is necessary to address the language of *Newsome* that has been utilized at times by this court to avail a guilty-pleaded petitioner coram nobis relief. As previously noted, the court stated that "in order for a writ [of error coram nobis] to issue, the [petitioner] would have to show that his plea was not voluntarily or knowingly entered." *Newsome*, 995 S.W.2d at 134. This oft-quoted language has since appeared in opinions of this court addressing coram nobis attacks on guilty-pleaded convictions. *See, e.g., Stephen Wlodarz v. State*, No. E2008-02179-CCA-R3-CO, slip op. at 5 (Tenn. Crim. App., Knoxville, May 19, 2010), *perm. app. granted* (Tenn. Aug. 25, 2010); *Daniel Lee Draper v. State*, No. E2009-00952-CCA-R3-PC, slip op. at 7 (Tenn. Crim. App., Knoxville, Dec. 21, 2010). Despite this use, in our view, the language in *Newsome* is not controlling authority and represents, instead, dicta as it is a comment found in the court's general discussion of various ways to contest a guilty plea after a judgment becomes final and had no bearing on the disposition of the case on the merits. As the court in *Newsome* noted, "the newly discovered evidence asserted by the [petitioner] fail[ed] to affect the voluntariness of his 1992 guilty plea." *Newsome*, 995 S.W.2d at 134. Likewise, the court limited its holding "to the premise that a subsequent third party confession will not affect the voluntariness of a guilty plea, thus, precluding the issuance of a writ of error coram nobis based on newly discovered evidence." *Id.* at n. 6. We are also mindful that the supreme court recently granted an application to appeal in a coram nobis case attacking a guilty-pleaded conviction for the purpose of addressing whether the writ of error coram nobis could be used to challenge convictions arising from a guilty plea. *Stephen Bernard Wlodarz v. State*, No. E2008-02179-SC-R11-CO (Tenn. Aug. 25, 2010) (order).

That being said, several considerations lead to the conclusion that guilty-pleaded convictions cannot be challenged via a petition for writ of error coram nobis. Of primary significance is the long-standing principle that "[w]hen statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit *or expand* the statute's application." *Eastman Chemical Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004) (emphasis added). As previously discussed, "the plain language of the coram nobis statute . . . belie[s] its application to a guilty-pleaded conviction." *Arthur W. Stamey, III*, slip op. at 8; *see also Michael Joseph Grant v. State*, No. E2009-00311-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Knoxville, Mar. 18, 2010) (stating that "[t]he language of the statute suggests that a defendant who avoids trial by pleading guilty cannot necessarily meet [the] standard" enunciated in the statute). Indeed, the analytical framework established for coram nobis relief assumes that the challenged conviction resulted from a trial, not a guilty plea. *Vasques,* 221 S.W.3d at 526 (holding that "the standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome").

An additional consideration is the fact that a conviction arising from a plea naturally involves some admission or stipulation concerning the petitioner's guilt. As this court noted in *Newsome*,

> By pleading guilty, the [petitioner] admitted his factual guilt and waived the right to confront his accusers. . . . There can be no doubt that, at the time the [petitioner] entered his guilty plea, he knew that either he did or did not commit the [offenses] for which he had been convicted.

*Newsome*, 995 S.W.2d at 134; *see also Jerry Britt v. State*, No. E2004-01276-CCA-R3-PC, slip op. at 7 (Tenn. Crim. App., Knoxville, Dec. 20, 2004) (discussing that best interest plea does not change consideration of coram nobis claim), *perm. app. denied* (Tenn. May 2, 2005). Furthermore, this court has held that "[a] petition for the writ of error coram nobis is not intended to relieve a party of [his] own negligence, ignorance or change of mind." *Newsome*, 995 S.W.2d at 134; *see also Donald Ray Turner v. State*, No. M1998-00484-CCA-R3-PC (Tenn. Crim. App., Nashville, Dec. 17, 1999) (stating that a petitioner cannot use coram nobis relief to address a change of mind).

We are also mindful that precluding attacks on guilty-pleaded convictions via a petition for writ of error coram nobis would not foreclose relief that is already available by other means. Post-conviction relief, *see* T.C.A. §40-30-101 to -122 (2006), and executive clemency, *see* § 40-27-101 to -109 (2006), remain available to address constitutional attacks on guilty-pleaded convictions as well as claims of actual innocence established by either

newly discovered scientific or factual evidence.  Cognizant that a writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall," *Mixon*, 983 S.W.2d at 672, we discern no compelling interest to extend coram nobis relief to guilty-pleaded convictions.

For these reasons, we conclude that guilty-pleaded convictions cannot be attacked via a petition for writ of error coram nobis.  Accordingly, we affirm the judgment of the coram nobis court summarily denying the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE